UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| QUEENS BEAUTY SUPPLY, LLC | CIVIL ACTION |
| VERSUS | NO. 24-2167 |
| INDEPENDENT SPECIALTY INSURANCE COMPANY, ET AL. | SECTION "A" (4) |

# ORDER

Before the Court is a **Motion to Compel Arbitration and to Stay or, Alternatively Dismiss the Proceedings (Rec. Doc. 6)**, filed by Defendants Independent Specialty Insurance Company, and Certain Underwriters at Lloyd's and Other Insurers Subscribing to Binding Authority B604510568622021 ("Defendants").[1] The motion was originally noticed for submission on October 16, 2024, but no opposition was filed. In the interest of justice, the Court sua sponte reset the motion for consideration on Wednesday, November 13, 2024. (Rec. Doc. 7). In doing so, the Court warned, "[i]f the plaintiff fails to timely respond to the motion, it will be summarily granted, and the action will be stayed pending the completion of the arbitration." (*Id.*).

Despite the Court's warning, Plaintiff has not responded to the motion. The Court considers Plaintiff's failure to respond to as an acquiescence to the motion. The Court, thus, declines to consider the merits of Defendants' motion, but notes that staying the case pending completion of the arbitration (as opposed to dismissing the proceeding, as Defendants have alternatively requested) is the most appropriate course of action given Plaintiff's acquiescence. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) (reasoning that "[k]eeping the suit on the court's docket makes

---

[1] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition with citations of authorities be filed and served no later than eight (8) days before the noticed submission date.

good sense in light of [its] potential ongoing role, and it avoids costs and complications that might arise if a party were required to bring a new suit and pay a new filing fee").

Accordingly;

**IT IS ORDERED** that the **Motion to Compel Arbitration and to Stay or, Alternatively Dismiss the Proceedings (Rec. Doc. 6)** is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED AND ADMINISTRATIVELY CLOSED**, pending a final decision by the Arbitration Tribunal. If any issues remain after a final judgment by the Arbitration Tribunal, any party may file a written motion for leave to reopen this matter.

A motion for reconsideration of this Order based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within fifteen (15) days. The motion must be accompanied by an opposition memorandum to the **Motion to Compel Arbitration and to Stay or, Alternatively Dismiss the Proceedings (Rec. Doc. 6).** Because such a motion would not have been necessary had a timely opposition memorandum been filed, the costs incurred in connection with the motion, including attorney's fees, may be assessed against the party moving for reconsideration. *See* FED. R. CIV. P. 16(f).

November 19, 2024

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE